UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH HOWARD DUCKWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16CV2 DDN |
| | ) | |
| JENNIFER RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

### The Complaint

Plaintiff was charged with second degree assault in March 2011. *Missouri v. Duckworth*, No. 11RL-CR00025-01 (Ralls County). He pled guilty to the crime on October 4, 2011. *Id.*

The Court appointed defendant Jennifer Richardson, a public defender, to represent him. Plaintiff says that Richardson was ineffective because she did not make the proper objections. He seeks monetary and injunctive relief.

### Discussion

The complaint fails to state a claim upon which relief can be granted because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, this action is dismissed without prejudice.

Moreover, claims of ineffective assistance of counsel are not cognizable in § 1983 proceedings. Such claims must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254 after properly exhausting available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 22nd day of January, 2016.

                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE